IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RUBEN RAYMUNDO REYES-DOMINGUEZ**
and **ROSA SALINAS RODRIGUEZ,**

    **Plaintiffs,**

v.

                                                      **Civ. No. 06-0491 JH/ACT**

**ERIC F. DIDIER and AMERI-CO**
**CARRIERS, INC., a foreign corporation,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER OF REMAND**

The underlying dispute in this case between Plaintiffs and Defendants has been resolved, and this case was terminated on June 6, 2007. However, this matter now comes before the Court on a separate dispute between Plaintiffs' current and former and current counsel. Attorneys L. Edward Glass and David Reynolds, current counsel for the Plaintiffs, have moved this Court to strike a charging lien filed by their former employer, the Carter Law Firm, for its alleged share of fees in this case. *See Motion and Memorandum to Strike Carter Law Firm's Attorney's Charging Lien* [Doc. No. 55] *and Motion and Memorandum for Partial Summary Judgment* [Doc. No. 75]. For the reasons stated below, the Court declines to exercise supplemental jurisdiction over this fee dispute and remands the case to state district court.

**BACKGROUND**

The Plaintiffs in this case filed their complaint in New Mexico's Seventh Judicial District Court on May 11, 2005, asserting claims for personal injuries arising from an automobile accident. Glass, then an employee of the Carter Law Firm, signed the complaint. The summons issued by the state court listed both Glass and Reynolds as counsel for Plaintiffs. In June of 2005, the Defendants

removed the case to this federal district court under diversity jurisdiction.  On June 12, 2006, Reynolds entered his written appearance for the Plaintiffs.  On July 26, 2006, C.D. Carter, also of the Carter Law Firm, entered his written appearance for Plaintiffs.  On July 31, 2006, the parties entered their joint Provisional Discovery Plan.

On August 4, 2006, through Glass and Reynolds (by this time both of whom had left the Carter Law Firm), Plaintiffs filed an emergency motion for release of their client records from the Carter Law Firm to Glass and Reynolds.  On August 7, 2006, Herbert Silverberg, also of the Carter Law Firm, filed a "limited entry of appearance" for Plaintiffs solely for the purposes of responding to the pending emergency motion, filing and perfecting an attorney's charging lien, and representing the interests of the Carter Law Firm.  On August 9, 2006, the Carter Law Firm filed its Attorney's Charging Lien for an undetermined share of attorney's fees, gross receipts tax, and costs recovered by Plaintiffs in this case.  Also on August 9, 2006, Magistrate Judge Torgerson held a Rule 16 conference and set pretrial deadlines for the case. Then, on August 14, 2006, Plaintiffs withdrew their emergency motion for transfer of client records on the grounds that the Carter Law Firm had transferred their records to Glass and Reynolds.  Thereafter, the parties commenced discovery, which continued through the spring of 2007.  On May 17, 2007, Judge Torgerson held a settlement conference, but the case did not settle.  However, on May 30, 2007, the parties filed a joint motion to dismiss on the grounds that they had settled the case.  On June 6, 2007, this Court entered an Order of Dismissal With Prejudice, closing the case.   Two days later, on June 8, 2007, Glass and Reynolds filed their motion to strike the Carter Law Firm's attorney charging lien.

## DISCUSSION

In their Motion to Strike, Glass and Reynolds contend that this Court has supplemental jurisdiction over their fee dispute with the Carter Law Firm, including the Motion to Strike, under

28 U.S.C. § 1367.  Section 1367(a) provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).  Neither party to this fee dispute has explained to this Court how their conflict over the division of fees earned from the representation of Plaintiffs forms "part of the same case or controversy" as Plaintiffs' auto accident.

Furthermore, even in circumstances where Section 1367 may support supplemental jurisdiction, the district court retains discretion to decline to exercise that jurisdiction.  *See Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004) (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)); *Archuleta v. Lacuesta*, 131 F.3d 1359, 1368 n.4 (10th Cir. 1997).  Section 1367(c) enumerates four factors that the court should consider in determining whether to exercise supplemental jurisdiction:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  In applying these factors, district courts should weigh principles of "economy, convenience, fairness, and comity."  *Estate of Harshman*, 379 F.3d at 1164.

In this case, the third element of Section 1367(c) has been satisfied, as the Court has dismissed all claims over which it had original jurisdiction.  Accordingly, the Court may exercise its discretion to remand the claims regarding the Carter Law Firm's attorney charging lien to state

3

court to be decided. Furthermore, the controversy between these two sets of attorneys involves different parties and arises from entirely independent facts from the underlying automobile accident over which the Court had original jurisdiction. The Court believes that these separate attorneys' fees claims will require interpretation and application of state common law that are better left to state court. The Court will, therefore, remand the remaining state-law issues for the state court to decide.

**IT IS THEREFORE ORDERED** that this matter is **REMANDED** to the Seventh Judicial District Court, Socorro County, New Mexico.

_____
**UNITED STATES DISTRICT JUDGE**